**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**CAROL ANN SIMMONS,**

    **Plaintiff,**

                              **Civil Action 2:19-cv-1629**
    **v.**                              **Chief Judge Algenon L. Marbley**
                              **Chief Magistrate Judge Elizabeth P. Deavers**

**COMMISSIONER OF
SOCIAL SECURITY,**

    **Defendant.**

### REPORT AND RECOMMENDATION

Plaintiff Carol Ann Simmons filed this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of a decision of the Commissioner of Social Security ("Commissioner") denying her application for retroactive widow's benefits. (ECF No. 1.) This matter is before the United States Magistrate Judge for a Report and Recommendation on Defendant's Motion to Dismiss Untimely Complaint, or Alternatively, Motion for Summary Judgment. (ECF No. 15.) For the reasons that follow, it is **RECOMMENDED** that the Court **GRANT** Defendant's Motion based upon Plaintiff's failure to timely file her Complaint.

### I.    INTRODUCTION

On July 25, 2019, the Commissioner filed a Motion to Dismiss Untimely Complaint, or Alternatively, Motion for Summary Judgment, in which he argues first that Plaintiff's Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) as time-barred. In the

1

alternative, the Commissioner argues that, in the event the Court determines it must convert the 12(b)(6) motion into a motion for summary judgment under Federal Rules of Civil Procedure 12(d) and 56, he is entitled to judgment as a matter of law.

On August 13, 2019, Plaintiff filed her Response to Defendant's Motion to Dismiss. She asserts that she

> obtained counc[e]l Aaron Miller to represent her in Case #CV-2017-CV-1096, who misrepresented her and caused the case to be dismissed because he did not effect service upon the defendant. Plaintiff was not aware of that failure to notify and dismissal until one year later. Attorney Miller refunded filing fee of $400 but Plaintiff's case could not be recovered.

(ECF No. 16, at 3, PageID 68.)

## II. STANDARD OF REVIEW

Because matters outside the pleadings have been submitted by both parties and are necessary for the Court's consideration of the current motion, the Undersigned will treat the motion to dismiss as a motion for summary judgment. *See* Fed. R. Civ. P. 12(d).

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The moving party has the initial burden of proving that no genuine issue of material fact exists, and the court must draw all reasonable inferences in the light most favorable to the nonmoving party." *Stansberry v. Air Wisconsin Airlines Corp.*, 651 F.3d 482, 486 (6th Cir. 2011) (internal quotations omitted); *cf.* Fed. R. Civ. P. 56(e)(2) (providing that if a party "fails to properly address another party's assertion of fact" then the Court may "consider the fact undisputed for purposes of the motion").

Once the moving party meets its initial burden, the nonmovant must "designate specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)); *see also* Fed. R. Civ. P. 56(c) (requiring a party maintaining that a fact is genuinely disputed to "cit[e] to particular parts of materials in the record"). "The nonmovant must, however, do more than simply show that there is some metaphysical doubt as to the material facts, . . . there must be evidence upon which a reasonable jury could return a verdict in favor of the non-moving party to create a genuine dispute." *Lee v. Metro. Gov't of Nashville & Davidson Cnty.*, 432 F. App'x 435, 441 (6th Cir. 2011) (internal quotation marks and citations omitted). "When a motion for summary judgment is properly made and supported and the nonmoving party fails to respond with a showing sufficient to establish an essential element of its case, summary judgment is appropriate." *Stansberry*, 651 F.3d at 486 (citing *Celotex*, 477 U.S. at 322–23).

### III. DISCUSSION

The Commissioner has submitted the Declaration of Michael Sampson in support of his Motion. Sampson is the Chief of Court Case Preparation and Review, Branch 3 of the Office of Appellate Operations, Social Security Administration. (Sampson Decl., ECF No. 15–1.) Sampson's Declaration states that an Administrative Law Judge ("ALJ") issued a decision on June 10, 2015, finding the payment center correctly calculated Plaintiff's monthly Title II Widow's Insurance Benefits. (*Id.* at PageID 51, ¶ 3(a); *id.* at PageID 53–55, Ex. 1.) Plaintiff requested review by the Appeals Council, which was denied by a notice dated October 13, 2017. (*Id.* at PageID 51, ¶ 3(b); *id.* at PageID 56-59, Ex. 2.) The Appeals Council's notice advised Plaintiff that a civil action must be filed within sixty days after the date she received it. (*Id.* at

PageID 57, Ex. 2.) Plaintiff also was advised that she could ask the Appeals Council for an extension of time to file suit. (*Id.* at PageID 58, Ex. 2)*; see also* 20 C.F.R. § 404.982. There is no record that Plaintiff requested an extension of time to file a new civil action. (*Id*. at 52 ¶ 3(e).)

Within sixty days after the Appeals Council's denial of review, Plaintiff, through counsel, filed an initial Complaint in this Court on December 15, 2017. *See Simmons v. Comm'r Social Security Admin.,* Case No. 2:17-cv-1096. However, after several months passed with no service of process, the Undersigned issued an order on March 16, 2018, directing Plaintiff to show cause within fourteen days why the case should not be recommended for dismissal under Fed.R.Civ.P. 4(m). (*Id.* at ECF No. 2.) When there was no response to the Show Cause Order, the Undersigned issued a Report and Recommendation ("R&R") on April 3, 2018, recommending dismissal of the case without prejudice for failure of service. (*Id.* at ECF No. 3.) Plaintiff did not object to the R&R. On May 4, 2018, the District Judge adopted the R&R and dismissed the case without prejudice. (*Id.* at ECF No. 4.) Plaintiff, now proceeding *pro se*, filed her current Complaint for
judicial review on April 26, 2019. (ECF No. 1.)

Pursuant to Section 405(g) of the Social Security Act, a claimant "may obtain a review of [a final] decision [of the Commissioner] by a civil action commenced within sixty days after the mailing to [her] of notice of such decision or within such further time as the Commissioner may allow." 42 U.S.C. § 405(g). Consistently, the implementing regulations provide that any such civil action "must be instituted within 60 days after the Appeals Council's notice of denial of request for review of the administrative law judge's decision . . . is received by the individual . . . except that this time may be extended by the Appeals Council upon a showing of good cause."

4

20 C.F.R. § 422.210(c). The regulations further provide that "the date of receipt of [the Appeals Council's] notice of denial of request for review shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary." *Id.*

Applying the foregoing statute and regulation to the instant case, Plaintiff is presumed to have received the October 13, 2017 denial notice on October 18, 2017. Thus, in order to comply with the sixty-day limitations period of Section 405(g), Plaintiff was required to file her Complaint on or before December 18, 2017.[1] *See Cook v. Comm'r of Soc. Sec.,* 480 F.3d 432 (6th Cir. 2007) (analyzing proper method for computing time for filing Social Security appeal seeking judicial review).

Plaintiff timely filed her initial Complaint before that deadline. However, she did not re-file her Complaint until well after that deadline. In fact, there is no dispute that Plaintiff did not file her current Complaint until April 26, 2019. This date is approximately 16 months after the expiration of the sixty-day limitations period and 11 months after the Court's dismissal without prejudice of Plaintiff's original timely-filed Complaint. Plaintiff does not assert or provide any evidence that she requested an extension of any length from the Appeals Council. The documents Plaintiff attached to her current Complaint pre-date the filing of her original Complaint and do not indicate any extension request relevant here. Based on this record, Plaintiff's current Complaint is untimely. *Cook,* 480 F.3d at 432.

Plaintiff does not expressly suggest that the limitations period should be equitably tolled based on the dismissal without prejudice of her earlier case. Nevertheless, the Undersigned will address this issue briefly.

---

[1] Because the 60th day, December 17, 2017, fell on a Sunday, Plaintiff had until Monday December 18, 2017, to file her action.

5

A dismissal without prejudice does not automatically toll the applicable statute of limitations. *Wilson v. Grumman Ohio Corp.,* 815 F.2d 26, 28 (6th Cir.1987); *Gill v. Locricchio*, No. 04-70164, 2011 WL 3809941, at *2 (E.D. Mich. Aug. 29, 2011). A dismissal without prejudice "leaves the situation the same as if the suit had never been brought." *Wilson, at* 27. That is, "[i]f the period of limitations has run by the point of such a dismissal, any new action is generally untimely." *Id*. at 28 (quoting *Harris v. City of Canton, Ohio*, 725 F.2d 371, 376–77 (6th Cir. 1984)).

Equitable tolling is generally applied "only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Graham–Humphreys v. Memphis Brooks Museum of Art,* 209 F.3d 552, 560–61 (6th Cir. 2000). In *Hykes v.Lew*, the Court of Appeals for the Sixth Circuit instructed that a court should consider the following factors when determining whether equitable tolling is appropriate: (1) lack of notice of the filing requirement; (2) lack of constructive knowledge of the filing requirement; (3) the plaintiff's diligence in pursuing her or his rights; (4) lack of prejudice to the defendant; and (5) whether the plaintiff's ignorance was reasonable. No. 16-5509, 2017 WL 4863108, at *2 (6th Cir. Mar. 1, 2017) (citing *Dixon v.Gonzales*, 481 F.3d 324, 331 (6th Cir. 2007)). These five factors are not exclusive, and the decision of whether a plaintiff is entitled to equitable tolling "should be made on a case-by-case basis." *Dixon v. Gonzales*, 481 F.3d at 331 (citing *Armini v. Oberlin College*, 259 F.3d 493, 500 (6th Cir. 2001)).

Here, Plaintiff does not address these issues in any detail. Instead, she contends only that her counsel of record failed to take any action to prosecute her original case, which resulted in its dismissal. She explains that she "was not aware of that failure to notify and dismissal until one

6

year later" and that her attorney's "misrepresentation does not lie on the Plaintiff."  (ECF No. 16, at 3).  Plaintiff further states that she

> has been appeals and has requested government documentation … earner Frank E. Simmons, Sr. Social Security … paid $161.00, but has been ignored on visits to the Steubenville, Ohio office, public embarrassment of announcing publically that she was getting a lot of money and that she wasn't getting any more, misrepresentation causing pro se civil action in this case.

(*Id.*).  These statements do not suggest that she lacked notice of the filing requirements, only that she did not receive prompt notice from her counsel of the dismissal of her original complaint.  Further, her statements are too vague to be construed as suggesting the diligent pursuit of her rights.

In fact, Plaintiff's sole argument appears to be that her counsel "misrepresented" her in the original case and that her re-filed case should not be dismissed as a result.  Plaintiff has attached to her response a copy of a check that appears consistent with her representation that her attorney refunded the filing fee in the original case. The check is made payable to her, issued by her counsel, and dated September 28, 2018.  (ECF No. 16, PageID 70.)  It reflects an amount payable of $400.00 and the memo notation contain the words "filing fee."  To the extent that this attached check is properly considered by the Court, it is not helpful to Plaintiff here.  Rather, the check suggests that, from Plaintiff's own admission, she was aware of the dismissal of her original Complaint at least as early as September 2018.  Despite this awareness, Plaintiff did not attempt to re-file her Complaint for another seven months.

The alleged inaction of counsel leading to dismissal is not a sufficient reason to extend the sixty-day filing period of § 405(g).  *See Renner v. Comm'r of Soc. Sec.,* 69 F. App'x 690, 691 (6th Cir. 2003) (court declined to invoke equitable tolling where plaintiff placed blame for failure to timely file on attorney negligence and did not establish that he lacked notice of the

filing requirements of § 405(g)); *see also Smith v. Colvin*, No. 14-1292-JDT, 2015 WL 893333, at *1–2 (W.D. Tenn. Mar. 2, 2015) (dismissing case where counsel of record failed to take any action to prosecute case, case was dismissed, no extension was requested from the Appeals Council, several months passed before Plaintiff's attempted re-filing, and Social Security Administration's actions did not cause or contribute to these failures).  Plaintiff has not cited any case law suggesting otherwise.  Accordingly, Plaintiff has not demonstrated that equitable tolling of the limitations period would be appropriate here.

Based upon the foregoing, the Undersigned finds that Plaintiff failed to timely file her Complaint.  It is therefore **RECOMMENDED** that Defendant's Motion to Dismiss Untimely Complaint, construed here as a Motion for Summary Judgment be **GRANTED**.  (ECF No. 15.)

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that

8

defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).


Date: April 21, 2020  /s/ *Elizabeth A. Preston Deavers*
ELIZABETH A. PRESTON DEAVERS
CHIEF UNITED STATES MAGISTRATE JUDGE