IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CAROL ANN SIMMONS, : | |
| : | Case No. 2:19-cv-1629 |
| Plaintiff, : | |
| : | CHIEF JUDGE ALGENON L. MARBLEY |
| v. : | |
| : | Chief Magistrate Judge Elizabeth Deavers |
| COMMISSIONER OF : | |
| SOCIAL SECURITY, : | |
| : | |
| Defendant. : | |

## OPINION & ORDER

This matter is before the Court for consideration of Chief Magistrate Judge Deavers's April 21, 2020 Report and Recommendation (ECF No. 19), recommending the Court grant the Commissioner of Social Security's Motion to Dismiss Untimely Complaint, construed as a Motion for Summary Judgment (ECF No. 15). Plaintiff has not filed any objections. For the following reasons, the Court **ADOPTS** the Report and Recommendation and the Commissioner's Motion for Summary Judgment is **GRANTED.**

### I. BACKGROUND

On June 10, 2015, the Administrative Law Judge ("ALJ") in the underlying social security action issued an order denying Plaintiff Carol Ann Simmons's request for retroactive widow payments, finding that the payment center calculated Plaintiff's monthly Title II Widow's Insurance Benefits correctly. (ECF No. 15-1 at PAGEID 51, Sampson Decl. ¶ 3 (a)). Plaintiff requested review by the Appeals Council, which was denied in a notice dated October 13, 2017. (*Id.* ¶ 3(b); *id.* at PAGEID 56-59, Ex. 2). The Appeals Council advised Plaintiff that a civil action must be filed within 60-days after the date she received it. (*Id.* at PAGEID 57, Ex. 2). She also was advised that she could ask the Appeals Council for an extension of time to file suit. (*Id.* at

1

PAGEID 58, Ex. 2).  There is no record that Plaintiff requested an extension of time to file a new civil action.  (*Id.* at PAGEID 52, ¶ 3(e)).

On December 15, 2017, Plaintiff, through her counsel, filed a Complaint in this Court requesting review of the ALJ's decision.  *See Simmons v. Comm'r Social Security Admin.,* No. 2:17-cv-1096, 2018 U.S. Dist. LEXIS 56678 (S.D. Ohio, Apr. 3, 2018) (ECF No. 1).  After several months passed with no service of process on Defendant, the Chief Magistrate Judge issued an order on March 16, 2018, directing Plaintiff to show cause within fourteen days why the case should not be recommended for dismissal under Fed.R.Civ.P.4(m).  (*Id.* at ECF No. 2).  After Plaintiff did not respond to the Show Cause Order, the Chief Magistrate Judge issued a Report and Recommendation on April 3, 2018, recommending dismissal of the case without prejudice for failure of service.  (*Id.* at ECF No. 3).  Plaintiff did not file any objections.  (*Id.*).  On May 4, 2018, the District Judge adopted the Report and Recommendation and dismissed the case without prejudice.  (*Id.* at ECF No. 4).

Plaintiff then filed the *pro se* Complaint in the instant case on April 26, 2019.  (ECF No. 1).  The Commissioner filed a Motion to Dismiss Untimely Complaint, or Alternatively, Motion for Summary Judgment. (ECF No. 15). On April 21, 2020, the Chief Magistrate Judge issued a Report and Recommendation recommending that the Court grant Defendant's Motion for Summary Judgment based upon Plaintiff's failure to file a timely complaint.  (ECF No. 19). Plaintiff did not file any objections.

## II.     STANDARD OF REVIEW

As the Chief Magistrate Judge noted in her Report and Recommendation, matters outside the pleadings have been submitted by both parties and are necessary for the Court's consideration of the current motion. (ECF No. 19 at 2). Therefore, the Court will treat the Motion to Dismiss as

2

a Motion for Summary Judgement. (*Id.*); Fed. R. Civ. P. 12(d) ("if, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgement under Rule 56.").

Summary judgement is proper if "there is no genuine issue as to any material fact [such that] the movant is entitled to judgement as a matter of law." Fed. R. Civ. P. 56(c). In considering a motion for summary judgment, a court must construe the evidence in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986). The movant, therefore, has the burden of establishing that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986); *Barnhart v. Pickrel, Schaeffer & Ebeling Co.,* 12 F.3d 1382, 1388-89 (6th Cir. 1993). The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251-52 (1986).

### III. LAW & ANALYSIS

#### A. Timeliness of Plaintiff's Complaint

The Chief Magistrate Judge concluded that Plaintiff's action was not filed timely for two reasons. First, the Chief Magistrate Judge determined that Plaintiff did not file her current Complaint until approximately 16 months after the expiration of the sixty-day limitations period, and 11 months after the Court's dismissal without prejudice of Plaintiff's original timely-filed Complaint. (ECF No. 19 at 5). Second, the Chief Magistrate Judge concluded that, based on the record, there is no indication that Plaintiff requested an extension of any length from the Appeals Council. (*Id.*).

3

Pursuant to the Social Security Act, following the Commissioner's final decision, a claimant "may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g). The Commissioner interprets the language of 42 U.S.C. § 405(g) as follows: "[A civil action] 'must be instituted within 60 days after the Appeals Council's notice of denial of request for review of the administrative law judge's decision . . . is received by the individual . . . except that this time may be extended by the Appeals Council upon a showing of good cause.'" 20 C.F.R. § 422.210(c).

Here, Plaintiff received the October 13, 2017 denial notice on October 18, 2017. *See* 20 C.F.R. § 422.210(c) ("the date of receipt of [the Appeals Council's] notice of denial of request for review shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary."). Accordingly, Plaintiff was required to file her complaint on or before December 18, 2017. *See Cook v. Comm'r of Soc. Sec.,* 490 F.3d 432, 432 (6th Cir. 2007) (holding that because the Appeals Council issued a notice of denial of review dated July 27, 2005, it was received on August 2, 2005; therefore, Claimant must file an action on or before October 2, 2005). Although Plaintiff filed her initial complaint before the December 18, 2017 deadline, she did not file her current Complaint until April 26, 2019. (ECF No. 1). Thus, the Plaintiff's current complaint was filed approximately 16 months beyond the sixty-day limitations period, and 11 months after the Court dismissed her initial complaint without prejudice. Plaintiff does not indicate that she requested any extension from the Appeals Council. Moreover, the documents attached to Plaintiff's Complaint pre-date the filing of her original Complaint and do not indicate any extension request. (*Id.*). *See Cook,* 480 F.3d at 436 (holding that Plaintiff was not afforded

4

an extension of time to file for court review because he failed to allege that he requested an extension or communicated with the SSA in any way prior to filing his complaint in federal court.)

While the District Court need only conduct de novo review of portions of the Magistrate's Report and Recommendation to which objections have been made, *see* 28 U.S.C. § 636(b)(1), *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986), this Court finds that both the Chief Magistrate Judge's reasoning and an independent review of the facts demonstrate Plaintiff's current Complaint is untimely for the reasons stated above.

### B. Equitable Tolling

The Chief Magistrate Judge also considered whether equitable tolling was appropriate. *(*ECF No. 19 at 6-8). In finding that equitable tolling was not appropriate, the Chief Magistrate Judge emphasized that Plaintiff had adequate notice of the filing requirements and that the alleged inaction of counsel leading to dismissal is not a sufficient reason to extend the sixty-day filing period of § 405(g). (*Id.*).

Plaintiff contends that her case was dismissed because her counsel of record failed to take any action to prosecute her original case. (ECF No. 16 at 3). Plaintiff claims that she was unaware of the failure to notify and dismissal until one year later, and that she is not accountable for her attorney's misrepresentation. (*Id.*). Plaintiff argues that, because her counsel "misrepresented" her in the original case, her re-filed complaint should not be dismissed. (*Id.*). Although Plaintiff does not cite specifically to the law of equitable tolling, the Court will address this issue as the Magistrate Judge did in her Report and Recommendation.

Plaintiff argues, in essence, that because her initial complaint was dismissed without prejudice, the statute of limitations period to file her current complaint should be equitably tolled. A dismissal without prejudice, however, does not automatically toll the applicable statute of

5

limitations.  *See Wilson v. Grumman Ohio Corp.,* 815 F.2d 26, 28 (6th Cir. 1987) ("a dismissal without prejudice leaves the situation the same as if the suit had never been brought, and that in the absence of a statute to the contrary, a party cannot deduct from the period of the statute of limitations the time during which the action so dismissed was pending."); *see also Fambrough-McCoy v. White Castle Sys., Inc.,* No 1:17-cv-00019, 2017 WL 3085685, at *2 (S.D. Ohio July 20, 2017) ("*Wilson* remains good law in the Sixth Circuit").  Therefore, "if the period of limitations has run [beyond] the point of such a dismissal, any new action is generally untimely."  *Id.* at 28 (quoting *Harris v. City of Canton, Ohio,* 725 F.3d 371, 376-77 (6th Cir. 1984)).

Equitable tolling may be applied "only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control."  *Graham-Humphreyz v. Memphis Brooks Museum of Art,* 209 F.3d 552, 560-61 (6th Cir. 2000).  To determine if equitable tolling is appropriate, The United States Court of Appeals for the Sixth Circuit applies the following factors: "(1) the petitioner's lack of [actual] notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim."  *Fenneken v. Comm'r of Soc. Sec.,* No. 2:10-cv-00111, 2011 WL 4558308, at *12, (S.D. Ohio, Sep. 30, 2011) (quoting *Dunlap v. United States,* 250 F.3d 1001, 1008 (6th Cir. 2001).  These factors, however, are not exclusive; the decision of whether a plaintiff is entitled to equitable tolling depends on the merits of the case.  *See Dixon v. Gonzalez,* 481 F.3d 324, 331 (6th Cir. 2007).

Plaintiff contends that her counsel did not provide her with prompt notice of her original complaint's dismissal.  Plaintiff's response, however, contradicts this assertion. The response contains an attached copy of a check—with an amount payable of $400.00—that appears

consistent with her representation that her attorney refunded the filing fee in the original case. (ECF No. 16 at 5). The check is made payable to Plaintiff, issued by her counsel, dated September 28, 2018, and designated for a "filing fee." (*Id.*). This check suggests that Plaintiff, as early as September 28, 2018, had actual knowledge of the dismissal of her original Complaint. Despite Plaintiff's awareness, however, she did not attempt to re-file her Complaint until April 26, 2019. *See Hobson v. Mattis,* No. 18-5306, 2018 U.S. App. LEXIS 31852, at *8-9, (6th Cir. Nov. 8, 2018) (holding that a seven-month delay in filing suggests that equitable tolling is not appropriate).

Based on the reasoning in the Magistrate Judge's Report and Recommendation and the Court's independent analysis of the law and facts, the Court concludes that, based on Plaintiff's failure to establish lack of notice of the filing requirements, equitable tolling of the sixty-day statute of limitations period is inappropriate. *See Renner v. Comm'r of Soc. Sec.,* 69 F. App'x 690, 691 (6th Cir. 2003) (declining to invoke equitable tolling where plaintiff did not establish that he lacked notice of the filing requirements of § 405(g); *Smith v. Colvin,* No. 14-1292-JDT, 2015 WL 893333, at *1-2 (W.D. Tenn. Mar. 2, 2015) (dismissing case where counsel of record failed to take any action to prosecute case, case was dismissed, no extension was requested from the Appeals Council, several months passed before Plaintiff's attempted re-filing, and Social Security Administration's actions did not cause or contribute to these failures).

## IV. CONCLUSION

For the foregoing reasons, the Report and Recommendation (ECF No. 19) is **ADOPTED** and Defendant's Motion to Dismiss Untimely Complaint, construed here as a Motion for

Summary Judgement (ECF No. 15), is **GRANTED.**

    **IT IS SO ORDERED.**

                                                     **ALGENON L. MARBLEY**
                                                     **Chief United States District Judge**

**Dated: November 2, 2020**